IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A‍MIE C. H‍OSS,

        Plaintiff,

v.                                                                      Case No. 13-2206-JTM

T‍HE A‍RT I‍NSTITUTES I‍NTERNATIONAL
K‍ANSAS C‍ITY I‍NC. AND
E‍DUCATION M‍ANAGEMENT C‍ORP.,

        Defendants.

MEMORANDUM AND ORDER

The following matter comes to the court upon the defendants' motion to dismiss (Dkt. 4). Having considered the briefs, the court denies the motion for the following reasons.

**I. Factual Background**

Plaintiff Amie Hoss was employed by the defendants Art Institutes International Kansas City Inc. ("Art Institutes") and Education Management Corp. ("EDMC") from April 25, 2011 to May 3, 2012. Ms. Hoss filed suit against Art Institutes and EDMC claiming that she was sexually harassed by co-worker Luis Nunez from September 2011 until April 13, 2012. After she filed a complaint of sexual harassment and hostile work environment with the human resources department of Art Institutes, she was terminated on the day the investigation concluded.

Under Title VII of the Civil Rights Act of 1964, Ms. Hoss filed a charge of employment discrimination with the Equal Employment Opportunity Commission on October 3, 2012, alleging the following:

> I was employed by the above named employer from on or about April 25, 2011 until May 3, 2012 as an Assistant Director of Admissions. During my employment, I was subjected to unwanted touching and sexual comments made by a male coworker. I complained to the employer that I was being sexually harassed on or about April 13, 2012. On or about May 3, 2012 I was discharged from employment. The reason I was given for my discharge was my performance. However, I am aware of other employees whose performance was worse than mine who remained employed. I believe that I was discharged in retaliation for my complaint of sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended.

Dkt. 5-2.

At the time she submitted her information to the EEOC, Ms. Hoss provided the agency with an unverified letter. Dkt. 9-1. This letter details all employees involved, including Luis Nunez, the supervisory staff, and the staff that investigated Ms. Hoss's sexual harassment complaints. The letter asserts claims of sexual harassment, hostile work environment and retaliation.

Art Institutes and EDMC move to dismiss Ms. Hoss's claims of sexual harassment, arguing that she failed to exhaust her administrative remedies because her EEOC filing relates solely to a claim of retaliation. First, they argue that Ms. Hoss's

failure to check the "sex" discrimination box and only checking the "retaliation" discrimination box creates a presumption that her EEOC case was for retaliation, not sexual discrimination. Next, Art Institutes and EDMC argue that because Ms. Hoss only identified one date in her EEOC form, the alleged discriminatory act is a single instance of retaliation, not multiple instances constituting sexual discrimination. They also argue that Ms. Hoss did not provide sufficient notice to Art Institutes and EDMC because the EEOC form did not identify her accused harasser or the employees who investigated the incident. Last, they argue that the court should not consider the information in Ms. Hoss's letter because it is unverified and cannot expand the scope of the EEOC's original investigation beyond the EEOC charge form. The court disagrees. Ms. Hoss's letter may be taken as part of her original charge with the EEOC, and therefore, her claims survive the motion to dismiss.

## II. Legal Standard

The federal courts are courts of limited jurisdiction and the plaintiff bears the burden of establishing that the court has jurisdiction over any of his or her claims. *Richardson v. Rusty Eck Ford, Inc.*, No. 12-13113-KHV, 2013 WL 1704930 at *1 (D. Kan. Apr. 19, 2013). Under Federal Rule of Civil Procedure 12(b)(1), a party may move for the dismissal of any claim when the court lacks subject-matter jurisdiction. Generally, such motions take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. *Richardson*, 2013 WL 1704930 at *1. A facial attack questions the sufficiency of the complaint, and the court must accept all allegations within the complaint as true. *Id.* (citing *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995)). A

3

factual attack goes beyond the allegations within the complaint to challenge the facts that are the basis of subject matter jurisdiction. *Id.* When addressing a factual attack on subject matter jurisdiction, the court will not presume the complaint is true and instead may exercise its discretion to go outside of the pleadings to resolve the dispute. *Id.* Exhaustion of administrative remedies is a question of jurisdictional fact, and here, the court may review the documents outside of the complaint to resolve the matter. *See McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002).

The court does not have jurisdiction over a Title VII claim unless the plaintiff has exhausted his or her administrative remedies for each discrete act of discrimination or retaliation. *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 (2002)). The court's jurisdiction is limited to the scope of the allegations that can reasonably be expected to arise from the filing with the EEOC. *Gilkey v. Prot. One Alarm Monitoring, Inc.*, No. 12-1150-EFM, 2013 WL 1309027 at *3 (D. Kan. Mar. 29, 2013) *aff'd,* No. 13-3089, 2013 WL 3336821 (10th Cir. July 3, 2013) (citing *MacKenzie v. City and Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005)).

**III. Analysis**

Title VII makes it an unlawful employment practice for an employer to discharge, discriminate or retaliate against any individual based upon that person's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1) (2013). Title VII requires that any claimant challenging the actions of an employer must exhaust his or her administrative remedies prior to filing suit. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). To exhaust administrative remedies, the claimant must

4

file a "charge" of discrimination with the appropriate state agency or the EEOC. 42 U.S.C. § 2000e-5(e)(1); *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007) (citing *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 623 (2007)). Each discrete discriminatory or retaliatory act constitutes its own unlawful employment practice for which administrative remedies must be exhausted. *Annett v. Univ. of Kansas*, 371 F.3d 1233, 1238 (10th Cir. 2004) (citations omitted). Therefore, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim. *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). Courts in the Tenth Circuit liberally interpret charges filed with the EEOC when determining whether administrative remedies were exhausted. *Id.*

Title VII does not define the term "charge." *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 107 (2002) (determining the EEOC's relation back regulation valid for granting an verified status to an unverified letter when a charge is verified at a later date). Title VII provides that a charge must contain information as required by the EEOC, be submitted in writing and be verified. 42 U.S.C. § 2000e-5(b). The contents of the charge must provide enough information to give an employer notice of the claims. *Richardson*, 2013 WL 1704930 at *6. A charge is sufficient when it identifies the parties and generally describes the action or practices that allegedly violate Title VII. 29 C.F.R. § 1601.12(b) (2013). Verification is designed to protect employers from "catchpenny claims of disgruntled, but not necessarily aggrieved, employees," however; verification is not meant to prevent a layperson, rather than a lawyer, from initiating the Title VII process. *Edelman*, 535 U.S. at 115. In fact, the EEOC allows a charge to be amended to cure

5

technical defects of improper verification or omissions when a claimant seeks to clarify and amplify allegations. 29 C.F.R. § 1601.12(b) (2013). Thus, a document filed with the EEOC constitutes a charge when it satisfies the requirements of § 1601.12 and an objective observer can reasonably determine that the contents of the document request that the agency activate its investigatory and remedial processes. *Semsroth v. City of Wichita*, 304 F. App'x 707, 713 (10th Cir. 2008). The EEOC's subsequent conduct may also inform a court when determining whether the document can reasonably be construed as a request for agency action. *Id.*

Here, Ms. Hoss's charge with the EEOC, taken together with the letter detailing her allegations, sufficiently exhausted her administrative remedies. There is nothing in Title VII or the accompanying regulations that prohibits Ms. Hoss from succinctly stating her issues in the EEOC form, verifying that form and then attaching a letter detailing her allegations of sexual harassment, hostile work environment and retaliation.

The failure to mark a particular box creates a rebuttable presumption that the charging party is not asserting claims represented by that box. *See Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1260 (10th Cir. 1998). That presumption has been rebutted here. Although Ms. Hoss failed to check the "sex" discrimination box, her accompanying letter clearly sets forth the basis of that claim. *See Jones*, 502 F.3d at 1186. The two documents meet the requirements of § 1601.12 because they sufficiently identify the parties and alleged acts violating Title VII. Any objective observer reading the charge and the accompanying letter can reasonably determine that Ms. Hoss

requested the EEOC investigate a claim of sexual discrimination. This finding "ensures that a lay complainant, who may not know enough to verify on filing, will not risk forfeiting [her] rights inadvertently." *See Edelman*, 535 U.S. at 115.

Ms. Hoss exhausted the administrative remedies of her sexual discrimination claim, and therefore, the motion to dismiss is denied.

**IV. Conclusion**

The court finds that Ms. Hoss has exhausted her administrative remedies regarding the sexual discrimination claim against Art Institutes and EDMC because her charge sufficiently identifies the parties involved and the acts allegedly violating Title VII. Art Institutes and EDMC's motion to dismiss is denied.

IT IS THEREFORE ORDERED this 10th day of September, 2013, that the defendants' motion to dismiss (Dkt. 4) is denied.

s/J. Thomas Marten  
J. THOMAS MARTEN, JUDGE
